[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 16, 2010
JOHN LEY
CLERK

No. 10-10143
Non-Argument Calendar

D. C. Docket No. 3:08-cv-00043-CDL

TAMARA PERRY,

Plaintiff-Appellant,

versus

GREENE COUNTY, GEORGIA, a Political
Subdivision of the State of Georgia,
CHRIS HOUSTON, individually and in his official
capacity as Deputy Sheriff of Greene County, et al.

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Georgia

(August 16, 2010)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Tamara Perry filed suit against Greene County, Georgia, Greene County Sheriff Chris Houston, Deputy Sheriffs Mark Fuller and Paul Englet, and Sergeant Darell Powers alleging various violations of her rights under both federal and state constitutional and statutory law. She now appeals the district court's grant of summary judgment in favor of the defendants.

## I.

On August 2, 2007, Perry, who is a former Deputy Sheriff, was driving her vehicle eastbound on Interstate 20 in Greene County, Georgia, when she passed defendant Corporal Mark Fuller, who was parked in his patrol car in the median of the interstate. Perry's vehicle had tinted windows and an untinted but dirty plastic cover over her vehicle's license plate. After Corporal Fuller observed the window tinting and plastic tag cover, he decided to pursue Perry. Corporal Fuller pulled next to Perry's vehicle in order to read her license plate number. After a stolen vehicle check came back negative, Corporal Fuller pulled behind Fuller's vehicle and activated his emergency lights. Perry, however, did not pull over. In her deposition, Perry claims that she did not pull over because she "had no idea what [Corporate Fuller] was doing." This testimony is directly contradicted by Corporal Fuller's dash-cam video, which was made available to this court as part of the record on appeal, which clearly shows that Corporal Fuller pulled behind

2

Perry's vehicle with his emergency lights activated. The fact that Perry is herself a former law enforcement officer makes her statement about not understanding what Corporal Fuller was doing even more unbelievable.

After Perry failed to pull over, Corporal Fuller advised Greene County 911 of the situation and then activated his siren. In order to make sure that Perry had "every opportunity to observe [Fuller's] vehicle and the emergency lights," Corporal Fuller straddled the lane divider and positioned his vehicle so that it would be directly in view of Perry's left door mirror. All of this is confirmed by the dash-cam video taken from Corporal Fuller's patrol car and reviewed by both the district court and this court.

Approximately three miles and four minutes after Corporal Fuller initiated his emergency lights, another Sheriff's Deputy, defendant Deputy Paul Englett, arrived to assist with the pursuit. After Deputy Englett pulled in front of Perry's vehicle and applied his breaks, Perry finally pulled over to the shoulder and stopped her vehicle. Because neither officer knew the reason for Perry's failure to pull over, they both drew their service weapons and pointed them in Perry's direction as they approached her vehicle. According to Perry, both officers drew their weapons, used inappropriate language, and ordered her to get out of her vehicle and lie face down on the ground. Corporal Fuller's dash-cam video shows

3

that Perry got on the ground on her own accord and was handcuffed by Corporal Fuller while she was lying on her stomach. Perry claims that Corporal Fuller "used enough force to leave [her] traumatized, bruised and sore." The dash-cam video, however, shows nothing more than a standard, peaceful arrest. Perry also claims that the handcuffs caused bruising and swelling on her wrists. However, as the district court noted, Perry failed to point to any evidence in the record that she told the officers that the handcuffs were causing her pain.

After Perry was placed in handcuffs, a search was conducted of Perry's entire vehicle, including the passenger compartment, trunk, and closed luggage contained in her trunk. Corporal Fuller testified in his deposition that this search was a standard inventory search, although he admitted that he expected to find contraband while conducting the search. No contraband was found. After the search was complete, Perry's vehicle was towed and stored in an impoundment lot. Perry was charged with having an illegal tag cover, in violation of O.C.G.A. § 40-2-41, and failure to yield to an emergency vehicle, in violation of O.C.G.A. § 40-6-74.

On December 9, 2009, the district court granted summary judgment in favor of the defendants. As to Perry's section 1983 claims against the defendants in their individual capacities, the district court held that they were entitled to

summary judgment based on qualified immunity.  As to her section 1983 claim against defendant Sheriff Chris Houston in his official capacity, the district court concluded that summary judgment was appropriate based on Eleventh Amendment immunity.  The district court granted summary judgment in favor of defendant Greene County on the ground that Perry failed to present evidence that her alleged constitutional deprivation was based on an official county policy or unofficial county custom or practice.

The district court also granted summary judgment in favor of the defendants on Perry's state-law claims.  Specifically, the court held that the County and the defendants in their official capacities were entitled to summary judgment based on sovereign immunity, and that the defendants in their official capacities were entitled to summary judgment based on official immunity.

## II.

"We review the grant of summary judgment de novo, applying the same legal standards as the district court."  *Tana v. Dantanna's*, No. 09-15123, 2010 U.S. App. LEXIS 14514, at *6 (11th Cir. July 15, 2010) (citing *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1211 (11th Cir. 2010)).  "In doing so, we view all evidence and draw all reasonable inferences in favor of the non-moving party."  *Id.*  Summary judgment is proper where "the pleadings, the

5

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III.

When it comes to the initial stop and arrest, because the defendants acted with at least arguable probable cause, the defendants in their individual capacities are entitled to qualified immunity. *See Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003) (holding that officers are entitled to qualified immunity "if there was arguable probable cause for the arrest."). The defendants had arguable probable cause to arrest Perry for obscuring her license plate under O.C.G.A. §§ 40-2-41 and 40-2-6.1, as well as for attempting to elude a police officer under O.C.G.A. § 40-6-395(a).[1] We also conclude, after considering all of the evidence including the dash-cam video, that the defendants are entitled to qualified immunity on Perry's claim of excessive force. Likewise, because the search conducted on Perry's vehicle was a reasonable inventory search that complied

---

[1]As noted by the district court, the fact that the defendants did not cite § 40-2-6.1 or § 40-6-395(a) on the arrest report is irrelevant to the court's inquiry of whether they had arguable probable cause to arrest Perry. *See Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002) ("[T]he validity of an arrest does not turn on the offense announced by the officer at the time of the arrest.").

with county policy, the defendants are entitled to summary judgment on this claim as well.[2]

We also agree with the district court that defendant Houston, in his official capacity, is entitled to summary judgment based on Eleventh Amendment immunity. Further, defendant Greene County is entitled to summary judgment because there is no evidence that Perry's alleged constitutional violations were caused by an official county policy or by an unofficial custom or practice.

Finally, we affirm the district court's grant of summary judgment on Perry's state-law claims, as well. Each of the defendants have immunity under state law.

**AFFIRMED**.

---

[2]We reject Perry's contention that the search was not a proper inventory search because Corporal Fuller admitted that he expected to find contraband. In *United States v. Grossman*, we held that "if an inventory search is otherwise reasonable, its validity is not vitiated by a police officer's suspicion that contraband or other evidence may be found inside the car." 233 F. App'x 963, 968 (11th Cir. 2007) (unpublished) (quoting *United States v. Staller*, 616 F.2d 1284, 1290 (5th Cir. 1980)).